IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONTEZ BETHEA,<br><br>　　　　*Petitioner*,<br><br>　　v.<br><br>BARRY SMITH,<br><br>　　　　*Respondent*. | Civil Action<br><br>No. 20-cv-1389 |

**ORDER**

**AND NOW**, this 2nd day of February, 2024, upon consideration of a Report and Recommendation by Magistrate Judge David R. Strawbridge, and Petitioner's objections thereto, I find as follows:

1. On March 11, 2020, Petitioner Montez Bethea filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and thereafter an amended petition on January 13, 2023, challenging his 2013 conviction for murder and other offenses in the Philadelphia Court of Common Pleas. The case was referred to the Honorable David R. Strawbridge for a report and recommendation and on July 10, 2023, Judge Strawbridge recommended that Bethea's petition be denied. Bethea filed timely objections which pertain to seven asserted grounds for relief:

2. First, Bethea contends that his trial counsel was ineffective under Strickland v. Washington, 466 U.S. 668 (1984), for advising him not to testify on his own behalf at a suppression hearing and the trial. At the suppression hearing, Bethea alleges he would have provided testimony contradicting police officers' finding of exigent circumstances that had justified a protective sweep of the house before they obtained a search warrant. Judge Strawbridge determined this claim was procedurally defaulted and no exception applied to excuse the procedural default. Alternatively,

1

Judge Strawbridge concluded the claim was meritless since the proposed testimony was not reasonably likely to result in the exclusion of evidence. As for trial testimony, Bethea alleges he would have provided an alibi explaining that he was at his mother's house on the day of the crime and that his parole officer had instructed him to stay inside until 2:00 p.m. that day. Judge Strawbridge recommended rejecting this claim because trial counsel's advice to Bethea not to testify at trial was reasonable in light of the facts available.

3. Second, Bethea asserts that he was convicted solely based on one witness's false testimony and that the state court erred in concluding that the witness's recantation was not credible. He argues that after-discovered evidence "undermined the fundamental fairness of the entire trial," such that his due process rights were violated. See Han Tak Lee v. Glunt, 667 F.3d 397, 407 (3d Cir. 2012). Judge Strawbridge recommended rejecting this claim because Bethea failed to demonstrate that the state court's credibility finding was unreasonable, as required by 28 U.S.C. § 2254(d).

4. Third, Bethea argues trial counsel was ineffective under Strickland for failing to secure and use Bethea's phone records at trial. He claims the phone records would have established an alibi and could have been used to impeach the prosecution's main witness. Judge Strawbridge recommended rejecting this claim because the state court reasonably determined that trial counsel's failure to use the phone records did not prejudice Bethea as the records were, in fact, inculpatory.

5. Fourth, Bethea claims trial counsel was ineffective under Strickland for failing to use available evidence to impeach Commonwealth witnesses in three instances: (1) one officer's testimony about an initial report by a witness at the scene; (2) an eyewitness's testimony about vehicle identification information he gave to police; and (3) alleged omissions in the crime scene

log. (Pet'r Br. at 38–42.) Judge Strawbridge recommended rejecting this claim because the first type of impeachment would have been improper under Pennsylvania law and the second and third did not create a "reasonable probability" that Bethea would have been acquitted had counsel pursued this line of impeachment. Strickland, 466 U.S. at 694. Judge Strawbridge concluded that the state court neither unreasonably applied Strickland nor made an unreasonable determination of facts.

6. Fifth, Bethea argues that trial counsel was ineffective under Strickland for failing to object to the use at trial of hearsay evidence obtained from the suppression hearing. Judge Strawbridge recommended rejecting this claim because the record shows the trial court, which acted as factfinder in Bethea's bench trial, did not rely on inadmissible hearsay to find guilt, and therefore trial counsel was not ineffective for failing to object.

7. Sixth, Bethea asserts trial counsel's ineffectiveness on appeal—specifically, that counsel should have sought reversal on the ground that the trial court erred in denying a motion to suppress. Bethea argues that exigent circumstances did not exist for the police to perform a warrantless search of the house where Bethea was arrested. Judge Strawbridge determined that the state court correctly evaluated the factors for finding exigent circumstances set out in Commonwealth v. Roland, 637 A.2d 269 (Pa. 1994), and that the record supported the trial court's admission of evidence from the search under the exigent circumstances exception to the warrant requirement. Judge Strawbridge recommended rejecting this claim because Bethea failed to demonstrate that appellate counsel was deficient for opting not to raise a meritless issue on appeal.

8. Lastly, Bethea claims that the evidence presented at trial was insufficient to support his convictions. Judge Strawbridge recommended rejecting this claim because the state court

reasonably concluded there was sufficient evidence for a trier of fact to find that Bethea perpetrated the killings and that he acted with the requisite specific intent.

9. For the reasons explained below, I agree with Judge Strawbridge's recommendation and will overrule Bethea's objections.

## I. PROCEDURAL HISTORY

10. On September 11, 2013, Bethea was convicted in the Philadelphia Court of Common Pleas of two counts of first-degree murder and other crimes in connection with a shooting that took place on December 8, 2010. (Report and Recommendation, ECF No. 21, at 2–6.) More detailed facts and the full procedural history are in Judge Strawbridge's Report and Recommendation, which I adopt.

11. Prior to trial, Bethea moved to suppress evidence recovered from a police protective sweep of the house where he was arrested. By agreement of the parties, the trial court heard the evidence relevant to the suppression motion during Bethea's bench trial on the criminal charges rather than in a separate pretrial suppression hearing. The suppression motion was denied and the evidence was admitted. As noted, Bethea was then found guilty by the trial court acting as factfinder. (Report and Recommendation at 6.)

12. The Pennsylvania Superior Court affirmed the trial court on December 23, 2014. Bethea filed a timely Petition for Allowance of Appeal that was denied on June 25, 2015.[1]

13. On April 16, 2016, Bethea filed a petition under Pennsylvania's Post-Conviction Relief Act (PCRA). (Report and Recommendation at 6–7.) In his petition, Bethea argued that a

---

[1] Commonwealth v. Bethea (Bethea I), No. 2967 EDA 2013, 2014 WL 10753717 (Pa. Super. Ct. Dec. 23, 2014), appeal denied, 117 A.3d 1280 (Pa. 2015).

new trial was required based on after-discovered evidence and that counsel was ineffective based on six alleged errors during the trial and appellate process. (Report and Recommendation at 7.)

14. The Court of Common Pleas ("PCRA Court") held an evidentiary hearing to examine three issues: after-discovered evidence of an alleged recantation by a co-conspirator, ineffective assistance of counsel for failing to allow Bethea to testify, and ineffective assistance of counsel for failing to secure and use phone records to establish Bethea's alibi. Evidentiary hearings took place on April 27, 2018 and July 20, 2018. During the evidentiary hearings, the PCRA Court heard testimony from Bethea, Bethea's co-conspirator Darryl Rigney, and Bethea's trial counsel Gary Server and David Rudenstein. (Report and Recommendation at 7, 12, 18, 22.)

15. Bethea's PCRA petition was dismissed on October 19, 2018. See Commonwealth v. Bethea, No. CP-51-CR-009460-2011, slip op. (Phila. Comm. Pl. Ct. Jan. 28, 2019). The Pennsylvania Superior Court adopted the PCRA Court's opinion and affirmed the dismissal of Bethea's PCRA petition. Commonwealth v. Bethea (Bethea II), No. 3375 EDA 2018, 2019 WL 6034930 (Pa. Super. Ct. Nov. 13, 2019).

## II. STANDARD OF REVIEW

16. In reviewing a magistrate judge's report and recommendation, a district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 686(b)(1). I therefore consider de novo whether Bethea's claims should be denied.

## III. DISCUSSION

### A. Ineffective assistance of trial counsel by advising Bethea not to testify at the suppression hearing or trial

17. The Sixth Amendment entitles criminal defendants to the effective assistance of counsel. Strickland, 466 U.S. at 683. To succeed on such a claim, it must be shown that (1)

5

"counsel's representation fell below an objective standard of reasonableness," and (2) there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 688, 694.

18.     Bethea argues that his trial counsel was ineffective for advising him not to testify on his own behalf at the suppression hearing. During the PCRA evidentiary hearing, Bethea testified that the front door did not have a screen, which would have contradicted police officer testimony, and that it was closed and locked. (N.T. 4/27/18 at 135, 138–39.) Bethea represents in his petition that he would have also testified that a duffel bag the police found containing marijuana was not in plain view, presumably referring to his PCRA testimony that the bag was on the floor behind a couch. (N.T. 4/27/18 at 138.) Bethea contends this testimony would have provided a basis to argue that exigent circumstances did not exist and that the police officers could therefore not have conducted a protective sweep of the house before obtaining a search warrant.

19.     On appeal, the Superior Court found this claim was waived because it was "undeveloped" at the PCRA evidentiary hearing. Bethea II, 2019 WL 6034930, at *1 n.1; see also Pa. R.A.P. (302)(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). The Superior Court concluded that Bethea's PCRA counsel did not specifically question trial counsel about advising Bethea not to testify during the suppression hearing. Bethea II, 2019 WL 6034930, at *1 n.1.

20.     In his objections, Bethea argues that PCRA counsel specifically questioned trial counsel about this issue but that trial counsel could not recall any specifics about the case. Bethea points to several instances during the PCRA hearing where trial counsel was broadly questioned about whether he discussed testifying with Bethea, such as:

> Q: Do you have a recollection of testimony at the trial about the screen door that was on the Judson Street house?

> A: Again, I'm sorry, I just don't recollect that.
>
> Q: At trial, was it your intention to try as part of your defense strategy to impeach the Commonwealth witnesses?
>
> A: Well, sitting here without an instant recollection, it's hard to say that, but the answer would usually be yes.
>
> Q: Do you have any recollection of having asked Mr. Bethea if there was a screen door on the Judson Street house?
>
> A: That I don't remember asking that.

(N.T. 3/27/18 at 38.)

> Q: Now, prior to the trial, did you and Mr. Bethea discuss him testifying?
>
> A: Again, I don't have an instant recollection. I can testify to what my usual practice is.

(N.T. 3/27/18 at 38.)

21. I agree with Judge Strawbridge's conclusion that this claim is procedurally defaulted. The claim was rejected by the Superior Court on the independent and adequate state law ground of Pa. R.A.P. 302(a). See Coleman v. Thompson, 501 U.S. 722, 729 (1991) ("This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."). The Third Circuit has recognized that Pa. R.A.P. 302(a) is an independent and adequate state rule. Werts v. Vaughn, 228 F.3d 178, 194 (3d Cir. 2000). A federal court will not disrupt a state court's determination that a claim is procedurally defaulted under state law unless the state court blatantly misapplied its own law. Evans v. Beard, No. 05-cv-6826, 2007 U.S. Dist. LEXIS 98470, at *14–16 (E.D. Pa. May 30, 2007).

22. Bethea fails to demonstrate that the state court misapplied Pa. R.A.P. 302(a) when it determined the claim was undeveloped and therefore procedurally defaulted. During the PCRA hearing, trial counsel was not specifically questioned about whether he advised Bethea not to

testify at the suppression hearing or his strategic reasons for doing so. Trial counsel was either questioned generally about his discussions with Bethea about testifying or asked about his strategy at trial. (N.T. 3/27/18 at 31, 38.) Trial counsel's testimony from the PCRA hearing was insufficient to support Bethea's claim that failing to present Bethea's testimony in support of suppression was outside "the wide range of reasonable professional assistance." Strickland, 466 U.S. at 669. I will therefore not disturb the state court's finding that this claim was undeveloped and procedurally defaulted.

23.  To receive federal habeas relief for a claim that was procedurally defaulted in state court, a petitioner must demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 749–50 (1991). Bethea has not argued that either exception applies.

24.  Furthermore, I agree with Judge Strawbridge's determination that the claim was meritless since the proposed testimony was not reasonably likely to result in the exclusion of evidence. Thus, even if the claim was not procedurally defaulted, Bethea would not be entitled to habeas relief because he has not satisfied the two components of the Strickland standard.

25.  Bethea also argues that his trial counsel was ineffective for advising him not to testify on his own behalf at trial. During the PCRA evidentiary hearing, trial counsel testified that Bethea wanted to present an alibi that his parole officer visited his house at the time of the murder and Bethea was home with his mother. (N.T. 4/27/18 at 10–11.) Parole records document that the parole officer visited Bethea on the day before the crime, not the day of the crime. (N.T. 4/27/18 at 14–15.) Bethea contends trial counsel misunderstood his alibi, and that he would have testified that his parole officer visited his house the day before the crime and instructed him not to leave

home the next day. (N.T. 4/27/18 at 120–121, 142–145.) In his objections, Bethea argues counsel was ineffective by advising him not to present this testimony.

26. Bethea presented this claim to the PCRA Court. The PCRA Court rejected this claim, finding that Bethea did not have a credible alibi and it was reasonable for trial counsel to advise against testifying. The Superior Court agreed with the PCRA Court's finding.

27. I agree with Judge Strawbridge that it was reasonable for the state court to conclude that trial counsel was not constitutionally deficient. Trial counsel advised Bethea that if he testified, past criminal offenses could be used to impeach him and presenting a false alibi would put him at risk of perjury. The PCRA Court credited trial counsel's testimony. Bethea fails to demonstrate that this advice was not a reasonable trial strategy within trial counsel's professional discretion.

28. For these reasons, I agree with Judge Strawbridge that Bethea's ineffective assistance of counsel claim should be denied.

    **B.    Violation of due process based on after-discovered evidence of key trial witness's recantation**

29. As a Commonwealth witness at trial, Bethea's alleged co-conspirator Darryl Rigney testified that he drove Bethea and Rashaan James, Bethea's co-defendant, to an apartment where Bethea and James entered, stole marijuana, and killed two people. Rigney testified that after the shooting, he drove all three of them to Bethea's aunt's house with the stolen goods. Bethea contends he was convicted solely based on Rigney's false testimony and the PCRA Court erred in concluding that Rigney's subsequent recantation was not credible. During the PCRA evidentiary hearing, Rigney testified that two other men were responsible and that as he was driving away from the scene of the crime, he picked up Bethea and James to give them a ride. Rigney testified that soon thereafter, the two men responsible for the crime got out of the car and left himself and Bethea with the stolen marijuana and murder weapons. (Report and Recommendation at 18.)

9

30. Bethea presented this claim to the PCRA Court as an after-discovered evidence claim, and the PCRA Court rejected it because it found Rigney's recantation not credible. Where a claim was previously "adjudicated on the merits in State court proceedings," a federal court may not grant habeas relief unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Bethea contends that the PCRA Court's conclusion that Rigney's recantation was not credible was an unreasonable determination of the facts.

31. In his objections, Bethea contends that the PCRA Court erred when it concluded Rigney's recantation was not credible. Citing Howell v. Superintendent Albion Sci, 978 F.3d 54 (3d Cir. 2020), Bethea argues that recantation evidence is not inherently unreliable and cannot be categorically rejected. Bethea also asserts that other cases have involved evidence of Philadelphia homicide detectives using unconstitutional interrogation methods, and requests the Court take judicial notice of recent exonerations based on such evidence. Bethea asserts that another hearing should be conducted to assess Rigney's credibility.

32. Only evidence presented during the state court proceeding may be considered in determining whether the state court decision was reasonable under § 2254(d). Cullen v. Pinholster, 563 U.S. 170, 180 (2011). Bethea did not present evidence to the PCRA Court that the homicide detective in his case used unconstitutional interrogation methods.

33. Bethea has not demonstrated that it was unreasonable for the PCRA Court to find Rigney not credible. Bethea's cited case, Howell, is distinguishable, as there the district court erred in categorically rejecting recantation testimony without holding an evidentiary hearing. Here, the

PCRA Court held an evidentiary hearing specifically to evaluate Rigney's recantation testimony and determined the testimony was not credible. The state court's evaluation of Rigney's credibility was a reasonable determination supported by the record. See Berryman v. Morton, 100 F.3d 1089, 1094 (3d Cir. 1996) (factual findings encompass both "basic, primary or historical facts: facts in the sense of a recital of external events and the credibility of their narrators").

34. For these reasons, I will adopt Judge Strawbridge's recommendation that habeas relief is not warranted on this claim.

**C. Ineffective assistance of trial counsel based on failing to secure and use phone records**

35. Bethea next claims that his trial counsel was ineffective for failing to secure and use his phone records at trial. He asserts that the phone records could have established an alibi, shown that he was not the perpetrator, or been used to impeach Rigney. The state court rejected this claim because it concluded the phone records were not exculpatory, which Bethea argues was an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(2).

36. Judge Strawbridge concluded, and I agree, that the PCRA Court could have reasonably determined that trial counsel's failure to use the phone records at trial did not prejudice Bethea. The phone records included a phone call from Bethea's phone to an individual named Robert Williams, who owned the white Cadillac used in the robbery, shortly before the crime took place, despite Bethea having testified at trial that he did not know Williams. (Report and Recommendation at 23.) This contradiction made the phone records potentially harmful to Bethea's defense. The PCRA Court also determined that phone calls disclosed in the records could fit into the prosecution's theory, making them not useful for impeachment. For example, it was possible that Rigney's 8- to 15- minute estimate of how long the perpetrator was in the house was not accurate, meaning Bethea could have been in the victim's apartment during the 2:04 p.m. call to Rigney.

This discrepancy would not have undermined Rigney's trial testimony as a whole. The PCRA Court's decision was not unreasonable in light of the evidence presented.

37. For these reasons, I agree with Judge Strawbridge that Bethea's ineffective assistance of counsel claim should be denied.

**D. Ineffective assistance of trial counsel based on failing to use impeachment evidence**

38. Bethea claims that his trial counsel was ineffective for failing to impeach two witnesses—Officer Reginald Forrest and Lester Johnson—at trial. He further contends that an incomplete crime scene log could have been used to impeach Commonwealth witnesses. He argues that these three instances where trial counsel failed to impeach witnesses must be viewed cumulatively and, so viewed, they demonstrate that the police work was sloppy or incomplete, which could cast reasonable doubt on the investigation.

39. Bethea argued that Officer Forrest could have been impeached with a statement made by Officer Alvin Outlaw. As addressed by Judge Strawbridge, the proposed impeachment of Officer Forrest would not have been proper because Pennsylvania law generally does not allow a witness to be impeached with a statement made by another individual. See Pa. R. Evid. 613(a). Moreover, this cross examination would not have been effective because the two witness statements recounted by Officers Forrest and Outlaw were not inconsistent. They showed, at most, that a witness may have provided a more detailed description to her niece, who informed Officer Forrest, than she provided to Officer Outlaw in her police statement. See Commonwealth v. Cruz-Centeno, 668 A.2d 536, 544 (Pa. Super. Ct. 1995) ("Mere dissimilarities or omissions in prior statements do not suffice as impeaching evidence … ." (alterations omitted)).

40. Next, Bethea points out that Johnson testified at trial that he provided police with the partial license plate number of the white Cadillac on the day of the crime, but his police

statement indicates he actually gave it to police two days after the crime. The PCRA Court reasonably found that this was a minor inconsistency and would not have undermined the Commonwealth's case.

41.     Finally, Bethea claims trial counsel should have made use of the fact that the crime scene log did not list two officers who may have been present at the scene. This omission was not significant and would not have changed the outcome of the case.

42.     For these reasons, Bethea has not demonstrated that he was prejudiced by trial counsel's failure to raise these issues at trial. Even taken together, the impeachment of Johnson and the discrepancy in the crime scene log are not enough to create a reasonable probability that Bethea would have been acquitted if they had been pursued at trial. Strickland, 466 U.S. at 694.

43.     For these reasons, I agree with Judge Strawbridge that Bethea's ineffective assistance of counsel claim should be denied.

    **E.**     **Ineffective assistance of trial counsel based on failing to object to using hearsay evidence from the suppression hearing for its truth at trial**

44.     Bethea claims that the trial court's finding of guilt was based on inadmissible hearsay testimony and trial counsel was ineffective for failing to object to its use.

45.     The trial court heard evidence relevant to the defendant's suppression motion during Bethea's bench ("waiver") trial rather than in a separate pretrial suppression hearing. The trial court explained that it would hear evidence together but would not consider inadmissible hearsay evidence for the purposes of the waiver trial.

46.     In Bethea's objections, he argues that the trial court based factual findings on two out-of-court statements: (1) Officer Forrest's testimony that an unidentified woman told him that her aunt saw black men run out of the house and leave in a cream Cadillac; and (2) Officer Kapusniak's testimony about what he heard transmitted over the radio by Lieutenant Smith.

47. I agree with Judge Strawbridge that the record shows the trial court did not rely on inadmissible hearsay for purposes of the waiver trial. The trial court stated several times that hearsay admitted for the purposes of the suppression hearing would not be used to determine guilt. Therefore, trial counsel was not ineffective for failing to object. Moreover, the challenged out-of-court statements could have been admitted to explain what actions the police officers took after speaking with an eyewitness, not for the truth of the matters asserted. See Pa. R.E. 801(c).

48. For these reasons, I agree with Judge Strawbridge that Bethea's ineffective assistance of counsel claim should be denied.

### F. Ineffective assistance of appellate counsel based on failing to raise that trial court erred in denying motion to suppress

49. Bethea claims that his trial counsel was ineffective for failing to argue on appeal that the trial court erred in denying his motion to suppress evidence seized from the house where Bethea was arrested. Bethea does not challenge the search warrant or existence of probable cause, but argues that the protective sweep of the premises before obtaining a search warrant was unlawful.

50. In determining whether exigent circumstances existed under applicable state law, the trial court was required to weigh several factors: "(1) the gravity of the offense, (2) whether the suspect is reasonably believed to be armed, (3) whether there is above and beyond a clear showing of probable cause, (4) whether there is strong reason to believe that the suspect is within the premises being entered, (5) whether there is a likelihood that the suspect will escape if not swiftly apprehended, (6) whether the entry was peaceable, and (7) the time of the entry, i.e., whether it was made at night." Commonwealth v. Wagner, 406 A.2d 1026, 1031 (Pa. 1979); see also Roland, 637 A.2d at 270–71.

51. As explained by Judge Strawbridge, the PCRA Court reviewed the trial court's evaluation of these factors and determined that an appeal on the suppression issue would have been meritless. Bethea argues that the PCRA Court misapprehended the facts because the officers did not know that individuals inside the house were connected to the double homicide when they entered, meaning they would have no reason to believe the suspects were armed and dangerous. But officers were informed over the radio that a white Cadillac fled the crime scene in the direction of the house. The officers then observed men from the Cadillac enter the house with a large trash bag soon after the murders and robbery occurred. Officer Kapusniak observed more men enter the house and one person leave the house with a black duffel bag and get into a silver Kia. When police officers pulled over the silver Kia, they found the duffle bag filled with marijuana and informed Officer Kapusniak back at the house. Two other men left the house on foot and other police officers were instructed to apprehend them. The police officers at the house heard movement inside and entered.

52. Based on the state court's factual findings, the Roland factors weighed in favor of finding exigent circumstances. The police reasonably believed the murder suspect was inside the house and that they needed to enter the house to safely secure the premises and prevent destruction of evidence. The state court's determination of the facts and application of clearly established federal law was reasonable, and counsel was not ineffective for failing to raise a meritless issue on direct appeal.

53. For these reasons, I agree with Judge Strawbridge that Bethea's ineffective assistance of counsel claim should be denied.

G. **Violation of due process based on insufficient evidence**

54. Bethea claims the evidence presented at trial was insufficient to support his convictions in violation of his constitutional right to due process. Bethea alleges the prosecution failed to

15

prove he was the perpetrator or involved in the double homicide and murder. He also alleges the prosecution failed to prove specific intent to kill, malice, or premeditation for murder in the first degree.

55. The standard for a reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Habeas relief is only appropriate if the federal court finds that the state court decision was "objectively unreasonable." Renico v. Lett, 559 U.S. 766, 773 (2010).

56. I agree with Judge Strawbridge's conclusion that there was sufficient identification evidence for a trier of fact to reasonably conclude that Bethea was the perpetrator based on Rigney's testimony, Johnson's testimony, and physical evidence found at the house that was connected to the crime scene. There was also sufficient evidence to prove Bethea acted with specific intent: in addition to testimony from Rigney, the victims were each shot at least ten times.

57. For these reasons, I will adopt Judge Strawbridge's recommendation that habeas relief is not warranted on this claim.

**WHEREFORE**, it is hereby **ORDERED** that:

58. The Report and Recommendation (ECF No. 21) is **ADOPTED**.

59. The amended petition for a writ of habeas corpus (ECF No. 20) is **DENIED**. There is no basis to issue a certificate of appealability.

60. The Clerk of Court shall mark this case closed.

**BY THE COURT:**


 */s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**